United States District Court

FILED MAILROOM
JUL - 5 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Walter Thomas Godbey, et als.,
    Plaintiff,

v.

Docket No.: 1:11cv 704 TSE/TCB

Hubert Simmons d/b/a HUBERT
SIMMONS, CORRECTIONAL OFFICER for
the F.B.O.P.,
FEDERAL BUREAU OF PRISONS, et als.,
and agency and/or instrumentality
of the UNITED STATES and the U.S.
Department of Justice,
Paul J. Masterson d/b/a DET. PAUL
J. MASTERSON, PWC POLICE DEPT.,
PRINCE WILLIAM COUNTY POLICE DEPT.,
Individually, Severally, and
Jointly the Defendants.

Amended and Supplemental Pleading
Under Rule 15 of the F.R.Cv.P.

    Pursuant to Rule 15 of the F.R.Cv.P. a party may amend its pleading once as a matter of course within (a)(1)(A)(B)(2); in this instant matter within 21 days after serving it upon this Honorable Court.

    This Amended Pleadings is filed under Rule 401 & 402 of the Rules of Evidence for relevant evidence and material evidence in this instant matter. This new discovery is relevant to the parties, Rule 105 withstanding.

    The Plaintiff received a letter from the F.B.O.P. on June 17th, 2011 by way of regular U.S.P.S. mail at Mail-Call in Lee Hall of FCI Petersburg-Low. The envelope is stamp-dated June 15th, 2011 and the cover letter is dated June 10th, 2011. (See attached Exhibit " ") This is the first communication received from the F.B.O.P. in regard to the Plaintiff's F.O.I.A. request. Included in this letter is a copy of the Search Warrant the Prince William County Police relied upon to obtain the Plaintiff's legal work product.

The letter also contains information concerning the Plaintiff's private detective, David Watson who was employed to goto FCI Petersburg-Low and to obtain the legal work product of the Plaintiff, Walter t Godbey and deliver it to Plaintiff's appointed Counsel, Kimberly Irving. Since the PWC police had already come to FCI Petersburg-Low with said search warrant and obtained the Plaintiff's legal work product, David Watson was unable to procure or protect the Plaintiff's legal materials.

The Plaintiff still contends that this 'Search Warrant' is insufficient to protect either party from their respective liability in this instant matter.

First, the description of items to be "searched" is in direct violation of the Fourth Amendment of the U.S. Constitution.

> "The right of the people to be secure in their persons, houses, <u>papers</u> and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The description is too vague and fails to be specific enough to be a lawful warrant. Further, it cannot be unlimited. The 4th Amendment is specific in the language and the things to be seized must be described. The Search Warrant at line 3 reads,

> "This search should include but not limited to all documents both written and retained by Walter Thomas Godbey, Sr., including maps and drawings, any electronic storage devices such as thumb drives and discs and any other item to support the crime of murder."

There is nothing specific in this description. <u>All documents</u> is unfair and prejudicial. "Including maps and Drawings," this is not specific. I have drawings for artwork and hobbycraft. How are they relevant to this matter? I don't have any maps. No electronic storage devices are authorized to be in my possession while in general population at FCI Peterburg-Low. Most of what the PWC police described as what they were intending to search for is unauthorized by the BOP

policy such as the above and as a 'law enforcement agency,' knew or should have known this. In fact the Search Warrant was a licensed "Fishing Expedition." A Fourth Amend. Violation and 5th & 14th Amend. Violation.

The Material Facts relied upon by the PWC Police to support the Warrant are misleading and some important aspects, false. The Plaintiff vehemently denies ever admitting to shooting Ann Godby in any interviews and/or written correspondence to PWC Police, and rebutt any presumption thereof. (See exh. " A " Affidavit of WTG) That the PWC Police had insufficient evidence to support the claim of murder.

The fact that PWC Police, acting under color of law, took my legal work product while I was acting 'pro se' clearly shows their deliberate indifference to what is legally obtainable and what is protected materials. The Plaintiff is entitled to an untainted administration of justice. Prince William County Police mislead the Court in order to obtain the Search Warrant. Qualified immunity defense fails if public officer violates clearly established right because a reasonably competent official should know the law governing this conduct. see Benitez v. Wolff, 985 F.2d 266 (2nd Cir. 1993) Furthermore, the F.B.O.P. is culpable in this matter as well. The F.O.I.A. search failed to uncover any evidence that the F.B.O.P. acted with any due diligence to protect the Plaintiff's legal work product or his constitutionally protected liberty rights and Due Process rights. There is no F.B.O.P. record of the Search. No Log of the items taken, no log of the PWC Police officers who came on the BOP property. No log of who conducted the search, what BOP official was present and their report or log of that interaction with those PWC Police officers. No indication from the F.B.O.P. or it's legal department that authorized the State jurisdiction to come into the Federal territory known as FCI Petersburg Low, a Federal Facility and exercise said warrant. I have personally seen

State warrants for DNA, usually for child support cases refused for lack of jurisdiction and unenforceable here at FCI Petersburg-Low. This search warrant was served upon the BOP and exercised through the BOP while the Plaintiff was in State custody throught a Writ. Plaintiff contends that this was done intentionally to deprive the Plaintiff of his lawful rights and to keep the Plaintiff from challenging the validity of the Search Warrant which the Plaintiff would clearly have done, had he seen it when they came. Under Bevins v. Six Unknown Agents, 403 US 388, L.Ed.2d 619, 91 S.Ct. 1999 (1970) The Supreme Court held that government agents may be hled liable for violating constitutional rights. Prison officials can be personally in civil rights action for actions (or lack thereof) taken in the course of their office, SMITH grants punitive damages, Smith v. Wade, 461 US 30, 75 L.Ed.2d 632, 103 S.Ct. 1625 (1983). Nor are prison officials immune from liabilities for official acts when motivated by malicious intent to deprive prisoners of Constitutional rights, Procunier v. Navarette, 434 US 555, 55 L.Ed.2d 24, 98 S.Ct. 855 (1978).

The Plaintiff further contends that I was never given any "notice" from the F.B.O.P. nor the PWC Police in regard to the Search Warrant. I was not told a search was conducted. I was not informed by either party as to what was seized. I never received a copy of the Warrant (until June 17th, 2011). I never received an itemized listing of the items seized (until 6/17/2011). Therefore I never had the proper opportunity to rebutt or challenge the search warrant while or during the pre-trial phase of the VA case. This has a substantial effect upon my decision making and reasoning decisions now and back when I was in pre-trial.

Even though a Search Warrant has finally been produced, it would appear that the evidence is in the Plaintiff's favor in this matter.

For the reasons stated herein, this Amended and Supplemental Pleading is submitted to this Honorable Court.

The conduct of the F.B.O.P. and the PWC Police is typical of the acts related herein and in the Plaintiff's Complaint. The Plaintiff's legal work product was taken by the PWC Police. Theft by Deception. The PWC Police cannot produce any evidence lawfully to prove that Godbey admitted to shooting Ann Godbey.

That while I did compile notes, letters and personally drafted affidavits pertaining to Ann Godbey (and Karla A. Ennis (Salinetro) [Godbey]), these items are privileged legal work products while I was acting pro se and preparing for a possible defense if necessary in a legal proceeding. For the government to punish a person because he had done what the law plainly allows him to do is a due process violation of the most basic sort, see US v. Guthrie, 789 F.2d 356 (5th Cir. 1986).

Respectfully Submitted,

*Walter Godbey* 6/28/2011
Walter t Godbey, pro se
c/o FCI Petersburg-Low
Reg. No. 45377-083
P.O. Box 1000
Petersburg, Va [23804]

Exhibit " F "

Cover Letter from F.B.O.P.
and envelope

Search Warrant from the
Commonwealth of Virginia
for Prince William County
4 pages

Property release to David Watson
From F.B.O.P.
3 pages

Plaintiff's Affidavit
in regard to the above



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons
Mid - Atlantic Region

Butner Legal Center
P.O. Box 1600
Butner, North Carolina 27509

June 10, 2011

Walter Godbey
Reg # 45377-083
FCC Petersburg
P.O. Box 1000
Petersburg, VA 23804

Re: FOIA Request 2011-05479

Dear Mr. Godbey:

This is in response to your letter seeking copies of a log book entries pertaining to visits by Prince William City VA Police. You also request information of what Mr. Simmons gave to a PWC Police.

Enclosed are copies of documents pertaining to a search warrant issued by PWC Police department. This office did not locate any information pertaining to visits by Det. Masterson or Det. Coady in the log book.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9, this determination may be appealed to the Attorney General by filing a written appeal received within sixty days of the receipt of this letter. The appeal should be addressed to the Office of Information Policy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Michelle T. Fuseyamore
Regional Counsel

Enclosures

U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Complex
Butner, North Carolina 27509

☒ Federal Medical Center
  P.O. Box 1500
☐ Federal Correctional Institution
  P.O. Box 1000
☐ Low Security Correctional Institution
  P.O. Box 999

Official Business

"Does not qualify for legal mail handling"
-Attorney not identified
-Does not indicate "Legal Mail"
-Open in the presence of inmate"




U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
$ 00.61⁰
0004204945  JUN 15 2011
MAILED FROM ZIP CODE 27509

Lee

Walter Godbey
Reg # 45377-083

# SEARCH WARRANT

Commonwealth of Virginia   VA CODE § § 19.2-56, 19.2-57

FILE NO.

**SEARCH WARRANT**

**COMMONWEALTH OF VIRGINIA**

TO ANY AUTHORIZED OFFICER: Prince George County

You are hereby commanded in the name of the Commonwealth to forthwith search the following place, person or thing either in day or night

Petersburg Federal Correctional Institution, 1100 River Road, Hopewell, VA 23806. SIS Office.

for the following property, objects and/or persons:

V./In re

[ This search should include but not be limited to all documents both written and retained by Walter Thomas Godbey Sr, including maps and drawings, any electronic storage devices such as thumb drives and discs and any other item to support the crime of murder. ]

Walter Thomas Godbey Sr.

You are further commanded to seize said property, persons, and/or objects if they be found and to produce before the ____ Prince George County Circuit ____ Court an inventory of all property, persons, and/or objects seized.

This SEARCH WARRANT is issued in relation to an offense substantially described as follows:

Murder in violation of 18.2-32 of the 1950 Code of Virginia as Amended.

I, the undersigned, have found probable cause to believe that the property or person constitutes evidence of the crime identified herein or tends to show that the person(s) named or described herein has committed or is committing a crime, and further that the search should be made, based on the statements in the attached affidavit sworn to by

Detective Paul J. Masterson  0671
NAME OF AFFIANT

11-20-2009  9:55
DATE AND TIME

*James Rigney* (signature)

☐ CLERK  ☒ MAGISTRATE  ☐ JUDGE

FORM DC-339 7-01 (11-6-010 11 01)

# AFFIDAVIT FOR SEARCH WARRANT

VA CODE ANN §19.2-54
RULE 3A:27

The undersigned Applicant states under oath:

1. A search is requested in relation to an offense substantially described as follows:

Murder in violation of 18.2-32 of the 1950 Code of Virginia as Amended.

( CONTINUED ON ATTACHED SHEET)

2. The place, person, or thing to be searched is described as follows:

Petersburg Federal Correctional Institution, 1100 River Road, Hopewell, VA 23806. SIS Office.

( CONTINUED ON ATTACHED SHEET)

3. The things or persons to be searched for are described as follows:

This search should include but not be limited to all documents both written and retained by Walter Thomas Godbey Sr, including maps and drawings, any electronic storage devices such as thumb drives and discs and any other item to support the crime of murder.

(OVER)

( CONTINUED ON ATTACHED SHEET)

---

| CASE NO. | |
|---|---|
| **AFFIDAVIT FOR SEARCH WARRANT** | |

APPLICANT:

Paul J. Masterson 0671
NAME

Detective
TITLE (IF ANY)

15948 Donald Curtis Dr
ADDRESS

Woodbridge, VA 22191

Certified to Clerk of

_____ Circuit Court
CITY OR COUNTY

on _____
DATE

_____ _____
TITLE              SIGNATURE

Original Delivered  [ ] in person  [ ] by certified mail
                    [ ] by electronically transmitted facsimile

to Clerk of _____ Circuit Court
CITY OR COUNTY WHERE EXECUTED

on _____
DATE

_____ _____
TITLE              SIGNATURE

Complete only if different than above:

Copy delivered  [ ] in person  [ ] certified mail
                [ ] by electronically transmitted facsimile

to Clerk of _____ Circuit Court

on _____
DATE

_____ _____
TITLE              SIGNATURE

4. The material facts constituting probable cause that the search should be made are:

On 12-03-01, Ann Godbey was reported to the police by family members as a missing person. Through the course of that investigation, the victims husband, Walter Thomas Godbey Sr. was listed a suspect in her disappearance. During later interviews and written correspondence, Walter Thomas Godbey Sr. admitted to shooting and deposing of his wife's body. During these interviews, detectives have seen documents and watched Walter Godbey read from notes, letters and personally drafted affidavits pertaining to his wife's murder.

On 11-9-09 Walter Godbey was transported from the FCC Petersburg-LOW facility to the Prince William County jail. Walter Godbey did not take any of his personal possessions with him and on his transfer paperwork signed that he had no personal property.

I contacted the FCC Petersburg-LOW and spoke to Officer H. Simmons who related to me that all of Walter Thomas Godbey's possessions are now being stored in his SIS Office at the prison.

I believe that contained within the personal possessions of Walter Thomas Godbey will be found documentation to support the crime of murder.

( CONTINUED ON ATTACHED SHEET)

5. The object, thing or person searched for constitutes evidence of the commission of such offense.

6. ☒ I have personal knowledge of the facts set forth in this affidavit OR

☐ I was advised of the facts set forth in this affidavit, in whole or in part by an informer. This informer's credibility or the reliability of the information may be determined from The following facts:

The statements above are true and accurate to the best of my knowledge and belief.

_____Detective_____
TITLE OF APPLICANT (IF ANY)

APPLICANT
Paul J. Masterson 0671

Subscribed and sworn to before me this day.

11-20-09    9:50 AM
DATE AND TIME

CLERK    MAGISTRATE    JUDGE

## SEARCH INVENTORY AND RETURN

The following items, and no others, were seized under authority of this WARRANT:

1. One brown folder with numerous letters & documents
2. One polaroid photo
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.

(CONTINUE AT RIGHT OR ATTACH ADDITIONAL PAGES AS NECESSARY)

The statement above is true and accurate to the best of my knowledge and belief.

11-20-09
(DATE)

_____
EXECUTING OFFICER

Subscribed and sworn before me this day

_____
(DATE)

☐ CLERK  ☐ MAGISTRATE  ☐ JUDGE
☐ NOTARY PUBLIC: My commission expires _____

FORM DC-339 (REVERSE) 7/01

### EXECUTION

Executed by searching the within described place, person or thing.

11-20-09                          1128 HRS
DATE AND TIME EXECUTED

Gunn, M.L #07    _____
                 EXECUTING OFFICER

Certified to _____
Circuit Court on _____
                        (DATE)

_____
EXECUTING OFFICER

Received on _____
                   (DATE)
by _____
         CLERK, CIRCUIT COURT

## GENERAL INSTRUCTIONS AND PROCEDURES FOR HANDLING INMATE PERSONAL PROPERTY

(For specific information on Disposition of Offender Personal Property refer to Chapter 15, PS 5500.1, Custodial Manual.)

1. The officer preparing the inventory is to list all property picked up, including that property identified as contraband. The officer is to show the quantity of each item in the first blank space preceding the name of the property. Property is not to be identified as "1 Lot." Upon completion of the inventory, both the form and property are fowarded to the receiving unit. The officer is to certify the inventory by signature in the space below.

Signature of Officer Preparing Inventory: _A. Simmons_____ Date: 12-9-09 Time: 9:21 A

Printed Name of Officer Preparing Inventory: _A. Simmons_____

2. The receiving officer will, as soon as practicable after receipt of the property, review the inventory with the inmate to verify the accuracy of the inventory. The receiving officer is to give the inmate all allowable items, and record this action by placing a "K" in the "Disp." space opposite the name of the property. Property which is not allowed in the inmate's possession is recorded by placing a "S" in the "Disp." space opposite the name of the property. Property marked "S" is stored until the inmate is able to receive the property (for example, release from the unit). Property which is donated is recorded by placing a "D" in the "Disp." space opposite the name of the property. Property which is to be mailed to another person is recorded by placing a "M" in the "Disp." space opposite the name of the property. When property is mailed out, each package is to be individually inventoried and accounted for by certified mail slip, etc. (See Chapter 15, Custodial Manual). Property identified as contraband is recorded by placing a "C" in the "Disp." space opposite the name of the property. The "Confiscation and Disposition of Contraband" form is also to be completed.

The receiving officer certifies receipt, review, and disposition of the property by signing in section 10 (a), page 1, of this form. In the same section, the inmate, by signing, certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated (D), receipt of all allowable items (K), and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve the discrepancy. (Note: The inmate signs the existing Form 40. A new form 40 ordinarily is not prepared by the receiving institution.)

3. Upon an inmate's release from the unit, detention, etc., the releasing officer is to give the inmate that property which has been stored as a result of the placement. The releasing officer certifies release of the property by signing in section 10 (b), page 1, of this form. In the same section, the inmate, by signing, certifies receipt of all property marked "S". When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve the discrepancy.

4. In unusual circumstances, such as receiving an inmate just prior to shift change, whereby the receiving officer cannot dispose of the property in the prescribed manner, the receiving officer is to store the property and notify the relief officer of the need to inventory the property. In such cases, the relief officer also becomes the receiving officer and signs in the appropriate space.

## ADDITIONAL INSTRUCTIONS & PROCEDURES — SPECIAL HOUSING UNITS

(In addition to the general instructions above, the following procedures are to occur whenever an inmate is placed in a special housing unit.)

1. When an inmate is placed in special housing status, that inmate's property is to be secured as soon as possible. The inmate is to be given the opportunity to advise staff of the inmate's property and its location within the housing area. Where property is not immediately removed from the inmate's regular housing area, staff is to ensure that the property is placed in the inmate's locker and is secured with a Captain's lock (not the inmate's own lock). The name of the officer securing the property is to be recorded in the space below.

Signature of Officer Securing Property: _A. Simmons_____ Date: 12-9-09 Time: 9:21 A

Printed Name of Officer Securing Property: _A. Simmons_____

2. When an inmate is placed in special housing status, the name of the officer assigned to pick-up and inventory the property is to be recorded the the space below and in the log book. Where practicable, the same officer should handle the securing, pick-up and inventory of the inmate's property.

Signature of Officer Picking-Up Property: _____ Date: 12-9-09 Time: 9:35 AM

Printed Name of Officer Picking-Up Property: _____

3. Where possible, one of the officers working in detention is designated property officer. That officer has general responsibility for the property and, except in unusual circumstances, property is only issued during that officer's shift, so that one officer supervises and documents the disposition of property.

4. A copy of the Form 40 or, for intra-unit movement, a local form for identifying inmate personal property is to be retained within the Special Housing Unit for at least two years.

```
                                              P.S. 1380.05
                                           August 1, 1995
                                        Attachment I, Page 1
```

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

Receipt for Property Received/Returned/Released/Seized

On (date) __12-9-09__ Item(s) listed below were:

```
              ____  Received From
              ____  Returned To
               X    Released To
              ____  Seized
```

(Name) __W.C. Watson Investigations LLC.__

(Street Address) __4311 Ridgewood Center Drive__

(City) __Woodbridge, Va. 22192__

Description of Item(s):

Duffel bag with legal and personal papers

Received by: _Chuck Williams_ Received From: _H. Demmon_
            (Signature)                        (Signature)

**U.S. Department of Justice**
Federal Bureau of Prisons

**Inmate Personal Property Record—**
Institution: FCC Petersburg

| 1. Name: Crabby, Walter | 2. Register Number: 45397-083 | 3. Unit: N/A | 4. Date and Time of Inventory: 12-7-09 |

5. Purpose of Inventory (check one that applies): Date and Time of Action: _____
a.__ Admission  b.__ Hospital  c.✓ Writ  d.__ Transfer  e.__ Detention  f.__ Release
g.__ Incoming package  h.__ Other (specify)

6. Disposition (Disp.)
D – Donated   M – Mail   S – Storage
K – Keep in Possession
C – Contraband (Attach BP Record-102)

7. Type of Property:

a. Personally Owned Items

| # | Article | Disp. | # | Article | Disp. | # | Article | Disp. | # | Article | Disp. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Batteries | | | Plastic spoon, cup | | | Dental floss | | | Canned tobacco | |
| | Belt | | | Playing cards | | | Dentures | | | Chewing tobacco | |
| | Billfold | | | Purse | | | Deodorant | | | Cigarettes | |
| | Books, reading | | | Radio (w/earplug) | | | Hair oil | | | Cigars, snuff | |
| | hard __ soft __ | | | Religious medals | | | Noxzema | | | Coffeemate | |
| | Books, religious | | | Ring | | | Powder | | | Cold drink mix, soda | |
| | hard __ soft __ | | | Shirt/blouse | | | Razor | | | Fruit | |
| | Brassiere | | | Shoes | | | Razor blades | | | Honey, Hi-protein | |
| | Cap, Hat | | | Shoes, shower | | | Shampoo | | | Instant chocolate | |
| | Coat | | | Shoes, slippers | | | Shaving lotion | | | Instant coffee | |
| | Coins | | | Shoes, tennis | | | Skin lotion | | | Instant tea | |
| | Comb | | | Shorts | | | Soap | | | Pipe cleaner/filters | |
| | Combination lock | | | Skirt | | | Soap dish | | | Pipes | |
| | Dress | | | Slip | | | Toothbrush | | | | |
| | Driver's license | | | Social security card | | | Toothpaste | | | | |
| | Earplugs | | | Socks | | | | | | | |
| | Eyeglass case | | | Socks, athletic | | | | | | | |
| | Eyeglasses | | | Stamps | | | | | | | |
| | Gloves | | | Stockings | | | | | | | |
| | Hair brush/pick | | | Sunglasses | | | | | | | |
| | Handkerchief | | | Sweater | | | | | | | |
| | Jacket | | | Sweat pants | | | | | | | |
| | Jogging suit | | | Sweat shirt | | c. Hobbycrafts | | | e. Miscellaneous (List any damaged | |
| ✓ | Legal Materials | K | | Trophy | | # | Article | Disp. | | property and from where it was | |
| ✓ | Letters | K | | T-Shirts | | | | | | received: e.g., U.S. Marshal) | |
| | Magazines | | | Underwear | | | | | | | |
| | Mirror | | | Watch/watch band | | | | | | | |
| | Nail Clippers | | | Wig | | | | | | | |
| | Pant/slacks | | | | | | | | | | |
| | Pen, ballpoint | | | | | | | | | | |
| | Pencils | | | | | | | | | | |
| | Personal papers | | | | | | | | | | |
| | Photo album | | | | | | | | | | |
| | Photos | | | | | | | | | | |

R Released

8. Items Alleged by Inmate to Have Value Over $100.00
Description of Property | Value Alleged by Inmate

☑ No individual item over $100.00

9. Article(s) Listed as "Mail" (M) Are to be Forwarded to (Name and Address of Consignee):

10. Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Receiving Officer: CHUCK FELDBUSH  Date: 12-7-09  Time: 9A

I have today reviewed the property returned to me. Signature of Inmate: _____ Reg. No.: _____ Date: _____ Time: _____

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Releasing Officer: _____ Date: _____ Time: _____

I have today reviewed the property returned to me. Signature of Inmate _____ Reg. No.: _____ Date: _____ Time: _____

Original — Inmate's Central File; CC: Inmate, R & D, Special Housing
USP LVN

BP-383(58)
October 1982